UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

HAROLD ELLIS,

                Plaintiff,

     -against-                                      05 Civ. 10880 (CLB)(GAY)

JANE DOE, JOHN DOE,

                Defendants.

-------------------------------------------------------------------x

## REPORT AND RECOMMENDATION

TO THE HONORABLE CHARLES L. BRIEANT, U.S. DISTRICT JUDGE

    Plaintiff Harold Ellis, presently incarcerated at Fishkill Correctional Facility, brings this action *pro se*. He alleges that "Jane Doe", an unidentified nurse who worked in Complex 1 of the Downstate Correctional Facility's Medical Department when plaintiff was incarcerated there, violated plaintiff's constitutional rights. Plaintiff further alleges that "John Doe", an unidentified physician who worked in Complex 3 of the Downstate Correctional Facility's Medical Department when plaintiff was incarcerated there, violated plaintiff's constitutional rights.

    Plaintiff has currently only named Jane Doe and John Doe as defendants. (See Order of Chief Judge Mukasey dated March 21, 2006). By Order dated April 24, 2006, the undersigned directed the Attorney General of the State of New York, although not representing any defendant in this action as of yet, to attempt to identified the names and addresses for service of the Jane and John Doe defendants pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997). This Attorney General was given 30 days to provide

said information to the plaintiff and Court; or advise if identification of the Does could not be made. Plaintiff was advised in the April 24, 2006 Order that failure to file an amended complaint identifying the Jane Doe and John Doe defendants; and providing the proper documents for service to the Marshals by June 30, 2006 may result in dismissal of the amended complaint.

By letter dated May 25, 2006, the Attorney General advised the plaintiff and Court that based upon conversations with Department of Correctional Services employees and their review of plaintiff's medical records it is not possible to determine who the individuals are that plaintiff intends to sue. However, the Attorney General provided plaintiff was a copy of his Ambulatory Health Record for the period of time in questions. The Attorney General also provided the names and work addresses of a number of employees who participated in plaintiff's care during the time period in question.

Fed. R. Civ. P. 4(m) provides in relevant part that service of the summons and complaint must be made within 120 days after the filing of the complaint, or within the time period specified by the Court. Rule 4(m) further provides that failure to serve the complaint within said time period could result in dismissal of the complaint, without prejudice. The complaint herein was docketed on or about January 6, 2006. The amended complaint herein was docketed on or about March 8, 2006. The Court *sua sponte* directed the Attorney General to attempt to identify the defendants. Plaintiff was put on notice that failure to provide an amended complaint to the Marshal by June 30, 2006, for service upon named defendants could result in dismissal of this action. Plaintiff has not complied with the Order of the Court.

Accordingly, the Court respectfully recommends that the amended complaint be

dismissed, without prejudice.

## CONCLUSION

It is respectfully recommended that the amended complaint be dismissed, without prejudice.

## NOTICE

Pursuant to 28 § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from receipt of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any response to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Charles L. Brieant, U.S. Courthouse, 300 Quarropas St., White Plains, New York 10601 and to the chambers of the undersigned at the same address. Any requests for an extension of time for filing objections must be directed to Judge Brieant and not to the undersigned. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Small v. Secretary of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

Respectfully Submitted,

Dated: July 19, 2006
White Plains, New York

GEORGE A. YANTHIS, U.S.M.J.

3